UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NOE JESUS TANGUMA,<br><br>Defendant. | Case No. 1:19-cv-00230-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Noe Tanguma's Motion for Compassionate Release. *See Def.'s Motion*, Dkt. 52. For the reasons explained below, the Court will deny his motion.

## BACKGROUND

On March 11, 2020, Tanguma entered a plea of guilty to possession of methamphetamine with intent to distribute and unlawful possession of a firearm. *See* Dkt. 40. In June 2020, the Court sentenced him to 108 months of imprisonment for each count to be served concurrently. *See Judgement*, Dkt. 49. Roughly three years after being sentenced, Tanguma has filed his first motion for compassionate release. *See Def.'s Motion*, Dkt. 52. The Government did not respond to

**MEMORANDUM DECISION AND ORDER - 1**

Tanguma's pro se motion.

## LEGAL STANDARD

Tanguma seeks compassionate release under 18 U.S.C. 3582(c)(1)(A),

which provides a narrow exception to the general rule that courts cannot modify

sentences of imprisonment. To grant compassionate release, a district court must,

as a threshold matter, determine whether a defendant has exhausted his or her

administrative remedies. *Id*. If the exhaustion requirement is met, the Court must

determine whether the defendant has shown that "extraordinary and compelling

reasons warrant such a reduction." *Id.*; *United States v. Aruda*, 993 F.3d 797, 801

(9th Cir. 2021). The defendant bears the burden of establishing that extraordinary

and compelling reasons exist to justify compassionate release. *See United States v.*

*Greenhut,* Case No. 2:18-CR-00048-CAS–1, 2020 WL 509385, at *1 (C.D. Cal.

Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir.

1998)). Finally, the Court must consider whether the sentencing factors set forth in

18 U.S.C. § 3553(a) weigh in favor of early release. *United States v. Keller*, 2 F.4th

1278, 1283–84 (9th Cir. 2021).

## ANALYSIS

Tanguma has exhausted his administrative remedies, and his motion is

properly before the Court. *See Def.'s Motion* at 1, Dkt. 52. Turning to the

**MEMORANDUM DECISION AND ORDER - 2**

substance of his motion, however, Tanguma has failed to establish the presence of extraordinary or compelling circumstances warranting early release or a sentence reduction.

Tanguma's sole premise for claiming extraordinary and compelling circumstances exist relies on the pandemic-induced conditions of his confinement. *See id*. at 2. Specifically, Tanguma claims that during the pandemic, he has endured onerous lockdowns, restrictions on programming, medical shortages, staff shortages, and food shortages, which have resulted in a sentence that has become "overly punitive in the eyes of the law by circumstances unforeseen by the Judge at the time of sentencing[.]" *Id*.

While the Court is sympathetic to the hardships created by the global pandemic on all inmates, including Tanguma, courts in this circuit have consistently rejected such a position. Generally, "conditions that affect inmates indiscriminately throughout the prison are insufficient to support an individual defendant's claim for compassionate release." *United States v. Pigott*, No. 2:21-CR-00013-RAJ, 2023 WL 8020794, at *4 (W.D. Wash. Nov. 20, 2023) (quoting *United States v. Bolden*, No. CR16-320RSM, 2020 WL 4286820, at *7 (W.D. Wash. July 27, 2020)); *see also United States v. Adams*, No. 19-CR-01787-BAS-22, 2024 WL 1810485, at *4 (S.D. Cal. Apr. 25, 2024); *United States v. Alvarez-*

*Caceres*, No. 221CR00233GMNEJY1, 2023 WL 5718017, at \*3 (D. Nev. Sept. 5,

2023). The Court reaches the same conclusion here. Tanguma has not explained

how any of the pandemic-induced conditions uniquely affected him or that he faces

any individual hardship based on those conditions. Rather, the burdens he claims

qualify as extraordinary and compelling—lockdowns, restrictions on

programming, medical shortages, etc.—are common to all individuals housed at

FCI Sheridan during the pandemic.

In his motion, Tanguma cites various cases that he claims have determined

pandemic-induced conditions of confinement can independently qualify as

extraordinary and compelling circumstances. *See Def.'s Motion* at 1, Dkt. 52

(citing *United States v. Hatcher*, No. 18 CR. 454-10 (KPF), 2021 WL 1535310

(S.D.N.Y. Apr. 19, 2021) and *United States v. Kitroser*, No. 15 CR. 19-1 (KPF),

2023 WL 3173513 (S.D.N.Y. May 1, 2023)).[1] Those cases, however, are non-

binding out-of-circuit cases. More importantly, they do not necessarily conflict

---

[1] Tanguma also cites various cases of inmates housed at FCI Sheridan who he claims
have received partial reductions in their sentences requesting that "the same relief be applied in
his case." *See Def.'s Motion* at 2, Dkt. 52. Out of the cases mentioned, the Court was only able to
locate two decisions in which a sentence reduction was granted. *See United States v. Lira*, No.
CR-17-34-GF-BMM, 2023 WL 3626430, at \*3 (D. Mont. May 24, 2023); *United States v.
Beltran*, No. CR 19-35-GF-BMM, 2023 WL 3851047, at \*4 (D. Mont. June 6, 2023). However,
relief was granted in those cases on unrelated and irrelevant grounds to this case. *See id*.
Moreover, Tanguma's blanket citations further demonstrate that he seeks early release based on
generalized concerns.

**MEMORANDUM DECISION AND ORDER - 4**

with the approach generally taken in this circuit. Instead, those cases show that, to some extent, something more than just a generalized condition is necessary. *See, e.g., Kitroser*, 2023 WL 3173513, at *6 ("Here, using the metrics of his mental and physical health, Mr. Kitroser has experienced harsher conditions of confinement than could have been anticipated, and the Court finds that the length and totality of these conditions amount to extraordinary and compelling circumstances[.]"); *Hatcher*, 2021 WL 1535310, at *4 ("The Court agrees that additional factors, *in conjunction with* the harsh conditions of confinement that Ms. Hatcher has experienced for the past 13 months, distinguish this petition for compassionate release and justify granting Ms. Hatcher's motion.") (emphasis added); *United States v. Rodriguez*, 492 F. Supp. 3d 306, 311 (S.D.N.Y. 2020) ("*While insufficient on its own*, this second factor also weighs in favor of a finding of extraordinary and compelling reasons.") (emphasis added).

Regardless, at this late stage of the pandemic, the Court finds the clear reasoning of its sister courts in this circuit persuasive and well-aligned with the high burden required to grant a compassionate release. This approach is further consistent with the almost universal understanding that a generalized risk of contracting COVID-19 while incarcerated does not constitute an extraordinary or compelling reason for early release. *See, e.g., United States v. Kaneko*, No. CR 19-

**MEMORANDUM DECISION AND ORDER - 5**

00062 JMS, 2024 WL 1018362, at *4 (D. Haw. Mar. 8, 2024) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.") (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)); *United States v. Rubio*, No. 6:18-CR-00135-MC, 2023 WL 3957407, at *2 (D. Or. June 12, 2023). Notably, if the Court were to adopt Tanguma's position, every prisoner housed at FCI Sheridan during the pandemic would meet the "extraordinary and compelling" burden, which would be contradictory to the stringent standard.

Simply put, without any explanation of how the conditions at FCI Sheridan individually impact him, Tanguma has not met his burden of establishing an extraordinary and compelling reason to grant early release. *See Pigott*, 2023 WL 8020794 at *4 ("Mr. Pigott has failed to address how the conditions at FCI Sheridan have impacted him personally and instead describes the conditions of confinement more generally."). Accordingly, there is no reason to discuss the § 3553(a) factors, and the Court will deny Tanguma's motion. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A]lthough a district court must perform this sequential inquiry before it grants compassionate release, a district court that properly denies compassionate release need not evaluate each step").

**MEMORANDUM DECISION AND ORDER - 6**

## ORDER

**IT IS ORDERED that** Defendant's Motion for Compassionate Release

(Dkt. 52) is **DENIED**.

DATED: June 4, 2024

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 7